KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN T. BRICKER (State Bar No. 269100)
SOPHY MANES (State Bar No. 287583)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300
Email:        gilchrist@kilpatricktownsend.com
              rbricker@kilpatricktownsend.com
              smanes@kilpatricktownsend.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND COPYRIGHT INFRINGEMENT** |
| v. | |
| OC MEDIA, LLC, | |
| Defendant. | **JURY TRIAL DEMAND** |

This lawsuit seeks to stop OC Media, LLC ("OC") from infringing, misusing, and trading on Patagonia, Inc.'s ("Patagonia") famous PATAGONIA and Fitz Roy logo trademarks, and its reputation and goodwill.  OC is manufacturing, promoting, distributing, offering for sale, and selling apparel products bearing the "Petrogonia" name together with a design that mimics Patagonia's P-6 logo design and trademark. To stop this conduct, Patagonia alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, and marketing clothing for more than forty years.  For many years, Patagonia and the PATAGONIA brand have been famous around the world for innovative apparel



designs, quality products, and environmental and corporate responsibility.

2.      OC Media, LLC is a Wyoming limited liability company with its principal place of business at 600 17th Street, #2800, Denver, Colorado.  On information and belief, OC promotes products and services, including apparel, hats beanies, marketing services, and event planning services through its websites at oc-merch.com and oilconnect.co, and through social media pages and accounts.

3.      Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from OC's infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

4.      This Court has personal jurisdiction over OC because OC has purposefully availed itself of the privilege of doing business in this district and directed its conduct into this district, including individually targeting Patagonia, a corporation with its principle place of business in this district, by infringing its trademarks and copyrights.  OC operates a website that is accessible by Internet users in this district and offers its services and products to residents of California and this judicial district.  The infringing apparel products that OC advertises and offers, and makes available to purchasers through its website, are capable of being ordered by and shipped to purchasers in California.  Patagonia has confirmed through its investigation that OC has sold infringing apparel products to consumers in California and, on information and belief, OC has likewise sold products into this judicial district.



5.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because OC transacts business in this district, infringe Patagonia's intellectual property in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The History of Patagonia

6.    Patagonia, Inc. was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate another business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

7.    In the more than forty years since Patagonia, Inc.'s business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world.  Patagonia, Inc.'s products now include a wide range of apparel products and equipment, including technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, as well as sportswear, which are sold around the world.

8.    Over the years, Patagonia, Inc. has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia, Inc. began the exclusive use of organically grown cotton and has continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985



COMPLAINT – Case No.                                                          - 3 -

Patagonia, Inc. has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia, Inc.'s founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia, Inc. became one of California's first registered Benefit Corporations, ensuring Patagonia, Inc. could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia, Inc. pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia, Inc. pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses.  Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

**The PATAGONIA Trademark**

9.     Patagonia owns numerous registrations for the PATAGONIA trademark, and for its distinctive multi-colored P-6 logo, for a wide ranging assortment of products.  Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear. | 08/1974 |



COMPLAINT – Case No.                                                                 - 4 -

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| patagonia | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| (mountain logo) | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
| patagonia | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| PATAGONIA | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| PATAGONIA | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| PATAGONIA.COM | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |



| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |

These registrations for the PATAGONIA mark and logos are in full force and effect.  The registrations have become incontestable under 15 U.S.C. § 1065.  A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."  Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

10.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered in ninety countries.

11.    For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used.  PATAGONIA brand products are advertised in print and on the Internet.  In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers.  Consumers, accordingly, are exposed to the PATAGONIA trademarks in a variety of shopping and post-sale contexts.



12.     Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California.  Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**OC's Infringement of Patagonia's Trademark Rights**

13.     In blatant disregard of Patagonia's rights in the PATAGONIA trademarks—and without authorization from Patagonia—OC started manufacturing, promoting, offering for sale, and selling apparel products and accessories bearing the "Petrogonia" name and brand together with a design that is nearly identical to the P-6 logo (the "Petrogonia Design").  OC promotes, markets and sells apparel and accessory products bearing the Petrogonia Design through its website under a category titled "Petrogonia Collection," and through related social media accounts. Examples of OC's products bearing the OC Design follow:

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



COMPLAINT – Case No.

| No. | OC Design |
|-----|-----------|
| 1 |  |



| No. | OC Design |
|-----|-----------|
| 2 | |
| 3 | |





| No. | OC Design |
|-----|-----------|
| 4 |  |

| No. | OC Design |
|-----|-----------|
| 5 | Women's Release for Petrogonia!<br><br>#OCMerch #OilGas #WomenInEnergy<br><br>OC Merch<br>162 followers<br>3w • 🌐                    + Follow<br><br>~ W O M E N S ~ P E T R O G O N I A ~<br><br>Proud supporter of the Oil and Gas industry! Made from Organic PETROLEUM products.<br><br>Click on the link below to check it out:<br>https://oc-merch.com/<br><br>A portion of every purchase will go to the "Orphan Well Project".<br><br>The "Orphan Well Project" is a non-profit dedicated to the Oil and Gas industry to be RESPONSIBLE, PROACTIVE, and take ACTION. Our mission is to raise money through OC EVENTS, OC MERCH, and DONATIONS, providing funds to help states address high-risk issues before they become a risk to the public.<br><br>#ocmerch #organic #oilgas #energy #hypocrisy #oilconnect #women |



14.     The OC Design is substantially similar to the P-6 logo artwork, and is nearly identical to the registered P-6 logo trademark, only replacing the mountain silhouette with machinery associated with oil wells that is staggered so as to mimic the P-6 logo, and adding "Petrogonia," a variation of the PATAGONIA word mark ostensibly intended to reference the oil and gas industry.  The "Petrogonia" name and mark is itself nearly identical to the PATAGONIA word mark.  Except as a deliberate reference to the PATAGONIA trademarks, there is no explanation for the degree of copying involved in the design and branding of OC's apparel and accessory products.

15.     Confirming that the OC Design and "Petrogonia" name are being used as trademarks and source identifiers of OC, OC has applied to register the "Petrogonia" name at the USPTO, stylized in a manner that again mimics the PATAGONIA trademarks.  The "Petrogonia" name as shown in that application Ser. No. 88/760,989, and in the associated specimen that purports to show use of the mark, are shown below.



16.     OC's use of the OC Design has caused or will cause a likelihood of confusion among consumers regarding the source of OC's products and whether



Patagonia has sponsored, licensed, authorized, or is somehow affiliated with OC.

17.    OC began using the OC Design long after the Patagonia trademarks became famous.  The OC Design has caused or is likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against OC's further use of this derivative logo.

18.    Patagonia is informed and believes that OC has manufactured, marketed, and sold substantial quantities of apparel products bearing its OC Design, and has profited and continues to profit from such sales.  There is no doubt that OC's conduct has been willful.  OC adopted a mark, name and logo that copies the PATAGONIA trademarks as part of its own apparel branding, and persisted in manufacturing, marketing, and selling products bearing the infringing OC Design after Patagonia sent cease and desist correspondence to OC.

19.    OC's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless OC is restrained by this Court, it will continue expanding its illegal activities—more so than it already has—and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

    a.    Depriving Patagonia of its statutory rights to use and control use of its trademark;

    b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

    c.    Causing the public falsely to associate Patagonia with OC and/or its products, or vice versa;

    d.    Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademark to differentiate its products from those of its competitors; and



1        e.    Causing Patagonia to lose sales of its genuine

2    PATAGONIA products.

3        20.    Accordingly, in addition to other relief, Patagonia is entitled to

4    injunctive relief against OC and all persons acting in concert with it.

5    <strong>FIRST CLAIM</strong>

6    <strong>FEDERAL TRADEMARK INFRINGEMENT</strong>

7    <strong>(15 U.S.C. §§ 1114-1117)</strong>

8        21.    Patagonia realleges and incorporates by reference each of the allegations

9    contained in paragraphs 1 through 20 of this Complaint.

10       22.    OC has used, in connection with the sale, offering for sale, distribution,

11   or advertising of its OC Design products, words and symbols that infringe upon

12   Patagonia's PATAGONIA trademarks.

13       23.    These acts of trademark infringement have been committed with the

14   intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C.

15   § 1114.

16       24.    As a direct and proximate result of OC's conduct, Patagonia is entitled to

17   recover up to treble the amount of OC's unlawful profits and Patagonia's damages

18   and an award of attorneys' fees under 15 U.S.C. § 1117(a).

19       25.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

20   that requires OC to stop use of the OC Design, and any other mark or design similar

21   to the PATAGONIA trademarks.

22   <strong>SECOND CLAIM</strong>

23   <strong>FEDERAL UNFAIR COMPETITION</strong>

24   <strong>(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))</strong>

25       26.    Patagonia realleges and incorporates by reference each of the allegations

26   contained in paragraphs 1 through 25 of this Complaint.

27       27.    OC's conduct as alleged in this Complaint constitutes the use of

28   symbols or devices tending falsely to describe the infringing products, within the



COMPLAINT – Case No.                                                              - 14 -

meaning of 15 U.S.C. § 1125(a)(1).  OC's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

28.     As a direct and proximate result of OC's conduct, Patagonia is entitled to recover up to treble the amount of OC's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

29.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires OC to stop use of the OC Design, and any other mark or design similar to the PATAGONIA trademarks.

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

30.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31.     Patagonia's PATAGONIA trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to OC's adoption of its copycat OC Design.

32.     OC's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

33.     As a direct and proximate result of OC's conduct, Patagonia is entitled to recover up to treble the amount of OC's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

34.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires OC to stop use of the OC Design, and any other mark or design similar to the PATAGONIA trademarks.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

## (17 U.S.C. §§ 101, *et seq.*, and 17 U.S.C. §§ 501, *et seq.*)

35.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint.

36.     Patagonia owns the copyright for its P-6 Design, which is federally registered and, on information and belief, was registered prior to OC's copying.

37.     OC has copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 Design without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

38.     OC's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that OC acted intentionally and in bad faith when they reproduced, advertised, distributed, displayed, and/or sold the infringing designs.

39.     OC's infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

40.     As a direct and proximate result of OC's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by OC as a result of their infringement, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

## FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

## (Cal. Bus. & Prof. Code §§  14245, 14402, 14415, and 17200 *et seq.*)

41.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 40 of this Complaint.



COMPLAINT – Case No.

42.     Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

43.     OC is using a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its OC products and services.

44.     OC's infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of its offerings.

45.     OC uses the infringing design to enhance the commercial value of its offerings.

46.     OC's acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

47.     OC's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

48.     Patagonia is entitled to monetary damages and injunctive relief prohibiting OC from using the OC Design, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

49.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

50.     Because OC's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of OC's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.
/ / /



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTH CLAIM

### TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14247)

51.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 50 of this Complaint.

52.     Patagonia owns valid and protectable rights in its PATAGONIA mark.

53.     The PATAGONIA word mark—a registered mark in the state of California—is distinctive and famous within the meaning of the California Model State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household brand in California, and was famous prior to OC's adoption of the PATAGONIA mark.

54.     OC's acts are likely to dilute the distinctive quality of the PATAGONIA mark.  OC's acts therefore constitute trademark dilution under California Business & Professions Code § 14247, the analogous statutes of other states, and under California common law.

55.     Patagonia is entitled to monetary damages and injunctive relief prohibiting OC from using the OC Design, and any other mark or design similar to the PATAGONIA mark.  Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the PATAGONIA mark.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

56.     Because OC's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of OC's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

### SEVENTH CLAIM

### TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

57.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 56 of this Complaint.



COMPLAINT – Case No.

- 18 -

58.     Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

59.     OC's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods and services offered by OC or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

60.     OC infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

61.     OC's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

62.     As a direct and proximate result of OC's activities, Patagonia has suffered substantial damage.

63.     Unless restrained and enjoined, the conduct of OC will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

64.     Patagonia is entitled to monetary damages and injunctive relief prohibiting OC from using the OC Design, and any other mark or design similar to the PATAGONIA trademarks.

65.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to their reputation and goodwill or that of their PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

66.     Because OC's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

/ / /



## **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.      Adjudge that the PATAGONIA trademarks have been infringed by OC in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.      Adjudge that the PATAGONIA trademarks have been infringed by OC in violation of California statutory law;

3.      Adjudge that Patagonia's common law rights in the PATAGONIA trademarks have been infringed;

4.      Adjudge that OC has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.      Adjudge that OC has competed unfairly with Patagonia in violation of California statutory law;

6.      Adjudge that OC's activities are likely to dilute Patagonia's famous PATAGONIA trademark in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.      Adjudge that OC and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.      Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the OC Design, "Petrogonia" name, or any other approximation of Patagonia's trademarks;

b.      Using any word, term, name, symbol, device, or combination



COMPLAINT – Case No.                                                    - 20 -

1    that causes or is likely to cause confusion, mistake, or deception as to the affiliation

2    or association of OC or its products with Patagonia or as to the origin of OC's

3    goods, or any false designation of origin, false or misleading description or

4    representation of fact, or any false or misleading advertising, or likely dilution of the

5    PATAGONIA trademark;

6              c.    Further infringing the rights of Patagonia in and to its

7    PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business

8    reputation;

9              d.    Further diluting the famous PATAGONIA trademark;

10             e.    Otherwise competing unfairly with Patagonia in any manner; and

11             f.    Continuing to perform in any manner whatsoever any of the

12   other acts complained of in this Complaint;

13   8.    Order that Serial No. 88/760,989 shall be refused because it infringes

14   and/or dilutes the PATAGONIA trademarks, and address its certified order to the

15   USPTO, Office of the Solicitor, Mail Stop 8, Director of the United States Patent

16   and Trademark Office, P.O. Box 1450, Alexandria, Virginia 22313-1450;

17   9.    Adjudge that OC, within thirty (30) days after service of the Court's

18   judgment, be required to file with this Court and serve upon Patagonia's counsel a

19   written report under oath setting forth in detail the manner in which it has complied

20   with the judgment;

21   10.    Adjudge that Patagonia recover from OC its damages and lost profits,

22   and OC's profits, in an amount to be proven at trial;

23   11.    Adjudge that OC be required to account for any profits that are

24   attributable to its illegal acts, and that Patagonia be awarded (1) OC's profits and

25   (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment

26   interest;

27   12.    Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C.

28   § 1117 shall be trebled;



COMPLAINT – Case No.                                                    - 21 -

13. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

14. Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.


DATED:  February 10, 2020      Respectfully submitted,

                               KILPATRICK TOWNSEND & STOCKTON LLP


                               By:  */s/Gregory S. Gilchrist*
                                    GREGORY S. GILCHRIST

                               Attorneys for Plaintiff
                               PATAGONIA, INC.



COMPLAINT – Case No.                                    - 22 -

1

## **DEMAND FOR JURY TRIAL**

2

Patagonia, Inc. demands that this action be tried to a jury.

3

4     DATED:  February 10, 2020          Respectfully submitted,

5                                                            KILPATRICK TOWNSEND & STOCKTON LLP

6

7                                                            By:   */s/ Gregory S. Gilchrist*

8                                                                    GREGORY S. GILCHRIST
                                                                     RYAN T. BRICKER
                                                                     SOPHY MANES
9

10                                                          Attorneys for Plaintiff
                                                                   PATAGONIA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT – Case No.                                                                              - 23 -